UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62398-CIV-COHN/SELTZER

FRANK BRETT,

    Plaintiff,

v.

PHILADELPHIA EAGLES and
HARRY GEISSINGER,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon Plaintiff Frank Brett's *pro se* Complaint [DE 1] ("Complaint").  The Court has considered the Complaint and is otherwise advised in the premises.  Because Plaintiff has not paid a filing fee, the Court conducts a screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

On November 9, 2011, Plaintiff filed this action, naming as Defendants "Philadelphia Eagles & Sports Attorney" and "Harry Geissinger – Sports Attorney." Compl.  With respect to the Philadelphia Eagles, the Complaint alleges the following:

> In 2010 until the present day the Philadelphia Eagles and attorney have slandered me in Philadelphia, Pa. and the whole state of Florida with their Football players, maintenance personnel, and parking attendants.  I was slandered by Mike Quick at all Quick STOPS and Marts in Florida, Citgo Quick Marts in Florida.  I was slandered by John Runyan, Jeff Garcia, Donavan McNab, Desean Jackson, Mike Vick.  Mike Vick's Friends stalked me from Philadelphia to Broward County in 2010 and 2011.  The attorney for the Eagles was covering up crimes against me in Phila. Pa. and in Broward and Palm Beach County.  I have Mike Quick on Rt. 1 and Oakland Park Rd. in Broward County stalking me.  Mick Quick has slandered me in Washington, DC and Northern Virginia.  Jeff Garcia slandered me with the Tampa Bay Buccaneers and San Francisco 49ers players.

Id. at 1.  With respect to Mr. Geissinger, the Complaint alleges the following:

> Attorney Harry Geissinger III stalked me 4 times.  He was in with Maud Irwin and attorney's David Hinley, Bill Shultz, Felicia Brown, Phil Bremley, Paul Villari Law Firm to steal my civil rights and documentation.
>
> On 8/3/05 I met Harry Geissinger III at McDonalds in Broward County and told him about crimes I witnessed.  He recorded me and tipped off the criminals.  Who came and Beat me up on 8/29/05 and 11/05.  I tried to sue both bars but they closed.

Id. at 2.

Plaintiff requests an "Injunction against Attorneys" and a jury trial.  Id.  He also "ask[s] the Court to review my Logistics on the way to Florida this year, I was stalked by Paegans 4 Motorcycle gang members and 1 Blonde haired woman.  Send these Logistics to Philadelphia FBI Office.  I have been dealing with them for a Long time."  Id.

In a document entitled "Logistics," Plaintiff describes certain incidents, none of which appear to involve the named Defendants.  See id. at 13.  First, he mentions that once, he was pulled over by a police officer in new Jersey.  Id.  Second, he states that a police offer once found him hiding in the woods after someone had called the police to report that someone was hunting.  Plaintiff says that the police officer pointed his gun at Plaintiff, and accused him of hunting, but Plaintiff was only collecting cans.  Id.  Third, Plaintiff claims that the same day he was accused of hunting, he saw a "white paegans Gang member Jogging with Black Man in Park," and that he had seen this white man before in his dad's backyard in May of 1996 and the summer of 1995.  Id.  From here, the "Logistics" document mentions that Plaintiff's father's "home was Broken into in Pennsylvania," id., but the remainder of the document becomes increasingly difficult to read and to understand, see generally id.

Plaintiff then attaches 24 pages of illegible documents that appear to be some kind of charts. Id. at 14-37. He does not explain the relevance of these charts, nor is it clear to the undersigned why these charts are attached to the Complaint. See generally id.

## II. LEGAL STANDARD

A complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). Section 1915 reads in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that– . . .
>
> (B) the action or appeal--
>   (i)    is frivolous or malicious;
>   (ii)   fails to state a claim on which relief may be granted; or
>   (iii)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).[1] Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").

At this stage of litigation, the allegations of a complaint are taken as true and are construed in the light most favorable to the plaintiff. Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed

---

[1] "Section 1915(e) applies to all [*in forma pauperis*] litigants [including] prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories." Mitchell v. Farcass, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997).

3

for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Notwithstanding, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quotations omitted). Also, "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010).

### III. ANALYSIS

Upon review of the Complaint, the Court finds that dismissal is warranted because Plaintiff fails to state a claim upon which relief can be granted. In addition, Plaintiff has not met his burden to establish federal subject matter jurisdiction.

### A. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this Court construes Plaintiff's Complaint liberally because he is proceeding *pro se,* Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the Court is not permitted to act as counsel for a party or to rewrite deficient pleadings, see, e.g., United States v. Stossel, 348 F.3d 1320, 1321 n.2 (11th Cir. 2003). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Reading the Complaint liberally, Plaintiff appears to sue

Defendants for slander and stalking. Plaintiff offers no facts to support either claim.

As for slander, "[t]o state a cause of action for defamation [i.e., libel or slander], in Florida, a plaintiff must allege that (1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff." Valencia v. Citibank Int'l, 728 So. 2d 330, 330 (Fla. Dist. Ct. App. 1999). Additionally, "[m]alice is an essential element of the tort." Barry Coll. v. Hull, 353 So. 2d 575, 578 (Fla. Dist. Ct. App. 1977). Here, the Complaint contains no factual allegations regarding any false statements that Defendants made about Plaintiff. There are no allegations that any statement was published to any third party or that any such statement caused injury to Plaintiff. There are also no allegations regarding malice. Accordingly, Plaintiff has failed to state a claim for slander.

As for stalking, under Florida law, stalking is a criminal offense, not a civil cause of action. See Fla. Stat. § 784.048(2) ("Any person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking, a misdemeanor of the first degree."). Plaintiff does not state any factual allegations from which the Court can imply a civil claim related to stalking. Therefore, Plaintiff has not stated a claim for "stalking."

The Complaint's conclusory allegations that certain individuals stalked Plaintiff or slandered him are insufficient to meet Rule 8's pleading requirements. See Twombly, 550 U.S. at 545. Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and dismissal under Rule 12(b)(6) is appropriate.[2]

---

[2] To the extent that Plaintiff attempts to bring a civil rights claim based on his allegation that Mr. Geissinger tried "to steal [his] civil rights and documentation," Compl.

5

## B. This Court Lacks Subject Matter Jurisdiction

Additionally, Plaintiff has not demonstrated that this Court has subject matter jurisdiction over his claim. Federal courts are courts of limited jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties. See 28 U.S.C. §§ 1331-1332. The party seeking to litigate in federal court bears the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Plaintiff has not met this burden.

Plaintiff's Complaint contains no jurisdictional statement, but on his Civil Cover Sheet [DE 1-1], Plaintiff has checked the box for "Diversity" as the "Basis of Jurisdiction." Diversity jurisdiction only exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994) (diversity jurisdiction requires complete diversity); Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993) ("[O]ne means by which Congress has sought to limit access to federal courts in diversity cases is the amount-in-controversy requirement."). Neither factor is present here. First, as to complete diversity, the Civil Cover Sheet indicates that both Plaintiff and Mr. Geissinger reside in Florida. See Civil Cover Sheet (listing Florida addresses for both Plaintiff and Mr. Geissinger). The

---

at 2, once again, Plaintiff fails to state sufficient allegations to support such a claim.

Complaint contains no other indications that Plaintiff and Mr. Geissinger might not be citizens of the same state.  Second, as to amount in controversy, Plaintiff does not seek any amount of money; he seeks only injunctive relief.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  The Complaint fails to specify the nature of the injunction or any other information from which the Court can infer that the value of the object of this litigation exceeds the jurisdictional threshold amount.  Therefore, Plaintiff has not established diversity jurisdiction.

Finally, the Civil Cover Sheet indicates that Plaintiff is filing his case under 28 U.S.C. § 1391, but this statute does not provide a basis for federal question jurisdiction.  Section 1391 "establishes the rules for proper venue in federal actions; it does not confer jurisdiction."  Davis v. Ryan Oaks Apartment, 357 Fed. App'x 237, 237 (11th Cir. 2009); see also Powell v. Offshore Navigation, Inc., 644 F.2d 1063, 1064 n.1 (5th Cir. 1981) ("28 U.S.C. § 1391 is of course the federal venue statute and does not grant any form of federal jurisdiction.").

Therefore, Plaintiff has established neither diversity jurisdiction nor federal question jurisdiction over this case.  As such, in addition to dismissal for failure to state a claim, the Court will dismiss the Complaint for lack of subject matter jurisdiction.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Complaint [DE 1] is **DISMISSED without prejudice**;

2. All other pending motions are **DENIED without prejudice**;

3. By no later than **November 23, 2011**, Plaintiff may file an amended complaint.[3]  **Failure to file an amended complaint by November 23, 2011 will result in the closing of this case.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of November, 2011.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Frank Brett, *pro se*
2500 NE 48th Lane, Apt 609
Fort Lauderdale, FL 33304

---

[3] Should Plaintiff decide to file an amended complaint, the amended complaint must assert a claim upon which relief may be granted and demonstrate that this Court has subject matter jurisdiction over that claim.  In addition, the amended complaint must comport with Federal Rule of Civil Procedure 10(b), which provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Also, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Id.  Likewise, Plaintiff must adhere to Federal Rule of Civil Procedure 8(d) which states that "[e]ach allegation must be simple, concise, and direct."  Furthermore, any amended complaint must adhere to Southern District of Florida Local Rule 5.1(a) which requires a complaint to "[b]e plainly typed or written on one (1) side with 1" margins on top, bottom, and each side."